UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISHOP PAIUTE TRIBE,<br><br>        Plaintiff,<br><br>  v.<br><br>INYO COUNTY; WILLIAM LUTZE, Inyo County Sheriff; THOMAS HARDY, Inyo County District Attorney,<br><br>        Defendants. | No. 1:15-CV-00367-GEB-JLT<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR LACK OF A JUSTICIABLE CASE OR CONTROVERSY** |

        Each Defendant moves separately for dismissal of Plaintiff Bishop Paiute Tribe's ("the Tribe's") First Amended Complaint ("FAC"), in which the Tribe seeks declaratory and injunctive relief. (See ECF Nos. 13-16.) The Tribe opposes each motion.

        Before considering whether any dismissal motion has merit, the Court decides <u>sua sponte</u> whether the Tribe's claim for relief is ripe for judicial review since a federal court has an independent duty to consider its jurisdiction. Review of the FAC reveals it does not contain factual allegations demonstrating a justiciable case or controversy over which the federal court has jurisdiction.

> The jurisdiction of federal courts is defined and limited by Article III of the Constitution. In terms relevant to the question for decision in this case, the judicial power of federal courts is constitutionally restricted to "cases" and "controversies." As is so often the situation in constitutional adjudication, those two words have an iceberg quality, containing beneath their surface simplicity submerged complexities which go to the very heart of our constitutional form of government. Embodied in the words "cases" and "controversies" are two complementary but somewhat different limitations. In part those words limit the business of federal courts to questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process. And in part those words define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government. Justiciability is the term of art employed to give expression to this dual limitation placed upon federal courts by the case-and-controversy doctrine.

Flast v. Cohen, 392 U.S. 83, 94-95 (1968). "Ripeness is one component of the Article III case or controversy requirement. The 'basic rationale' of the ripeness requirement is 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Oklevueha Native Am. Church of Haw. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (citing Abbot Labs. v. Gardner, 387 U.S. 136, 148 (1967)).

> The difference between an abstract question and a "controversy" . . . is necessarily one of degree, and it would be difficult if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under the circumstances, show that there is <u>a substantial controversy</u>, between the parties having adverse legal interests, <u>of sufficient immediacy and reality to</u>

2

<u>warrant issuance of a declaratory judgment</u>. <u>Md. Case. Co. v Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941) (emphasis added). "The burden of establishing ripeness . . . rests on the party asserting the claim." <u>Colwell v. HHS</u>, 558 F.3d 1112, 1121 (9th Cir. 2009).

The alleged case or controversy in the Tribe's FAC concerns the following allegations:

> [Defendants] threat[en] [to] arrest and prosecut[e] a [T]ribal law enforcement officer . . . for performing his duties on the Tribe's Reservation. The Tribe seeks an order declaring that Defendants are interfering with the Tribe's inherent sovereign authority to take action, defined by federal law, against non-Indians perpetrators on tribal lands. Federal law establishes that tribes have inherent authority over non-Indians on tribal lands to stop[;] restrain[;] detain[;] investigate violations of tribal, state and federal laws[;] and deliver or transport the non-Indian to the proper authorities.

(FAC ¶ 1.) The Tribe also alleges in the FAC that on January 6, 2015, Defendant Inyo County Sheriff Lutze ("Sheriff Lutze") issued a "Cease and Desist Order" regarding the Tribe's police officers, (FAC ¶ 31), in which he states the officers "are continuously committing serious violations of California criminal statutes," and "have been employing unlawful force on subjects during the unlawful exercise of authority;" and that the tribal police shall "immediately . . . cease and desist the unlawful exercise of California peace officer authority." (FAC Ex. 3, ECF No. 12-1.) Sheriff Lutze further states in the Cease and Desist Order:

> If Tribal Police do not comply with this cease and desist order within [10 days], be advised that Tribal Police employees will be

3

>       subject to arrest and criminal prosecution for applicable charges as well as Penal Code § 538d (Fraudulent Impersonation of a Peace Officer). In addition, this Office will seek injunctive relief and an order for court costs and attorney's fees. Tribal Police criminal and civil liability, both individually and collectively, could be considerable, not to mention the liability exposure to victims of Tribal Police misconduct.

(Id.) The Tribe responded to the Cease and Desist Order in a letter dated January 15, 2015, stating in pertinent part:

>       While we disagree with your presentation of the facts, and your interpretations of applicable law, we understand that your concerns are motivated by a legitimate desire to protect the public . . . As a show of good faith and to keep the peace, <u>we have directed our tribal officers to ensure that the matters outlined in your January 6, 2015 letter are addressed</u>. Specifically, our tribal law enforcement officers will not exercise California peace officer authority on or off the [R]eservation with the exception of: (a) daily patrols that require them to cross State Hwy 168 and when traversing U.S. Highway 395, and (b) traveling to and from their homes off the reservation. The officers have been directed that they are not authorized by the Tribe to expose their firearms off reservation except in compliance with applicable state law.

(Decl. John Kirby ISO Defs.' Replies ("Kirby Decl"), Ex. A, ECF No. 29 (emphasis added).)[1]

The Tribe's response letter is attached to the Declaration of John Kirby, in which Kirby argues in a conclusory

---

[1] The Tribe's response letter to Sheriff Lutze, which is attached to the Declaration of John Kirby, is treated as being part of the FAC since the letter is incorporated by reference in paragraph 32 of the FAC. See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (stating "[c]ertain written instruments . . . may be considered part of the pleading . . . . [e]ven if [it] is not attached to [the] complaint," if it is "incorporated by reference into [the] complaint [and] . . . forms the basis of the plaintiff's claim.").

4

manner:

> This [response letter] raises the issue of mootness of this litigation, and subject matter jurisdiction, as well as accompanying justiciability, and further speaks to and underscores the issue of ripeness, as well as the issue of existence of an actual case or controversy with a real life fact-basis that is subject to adjudication by this Court. It also speaks to the position of all defendants, as set forth in their Replies, that declaratory relief is . . . inappropriate with respect to the abstract principle of law that the Tribe seeks to have adjudicated.

(Kirby Decl. ¶ 11.)

The Tribe does not oppose consideration of its response letter, but objects to the cited portion of the Kirby declaration, arguing Kirby's arguments are "new and additional grounds for dismissal" that should not be considered. (Pl.'s Consolidated Opp'n Defs.' Decl. of John Kirby, ("Opp'n") 2:22, ECF No. 33.) The merits of this objection need not be decided because the Court is considering its jurisdiction sua sponte. However, the Tribe's argument concerning whether the FAC evinces a justiciable case or controversy, which is included in the Tribe's opposition to the Kirby Declaration, is considered. The Tribe contends its FAC evinces a justiciable case or controversy since it:

> seeks to accomplish . . . clarification of applicable law, the scope of [tribal] officers' law enforcement duties and their ability to perform those duties without fear or expectation of criminal prosecution. . . . There also remains a fundamental difference between the Tribe's and the Defendants' interpretation of federal law . . . . Without Declaratory Relief, the Tribe has no assurance that Defendants will refrain from future arrest and prosecutions of tribal

officers for carrying out their lawful duties.

(Opp'n 3:25-4:10.) The Tribe prays for the following prospective relief in its FAC:

> A declaration that Defendants' . . . threat of criminal prosecution of the Tribe's police officers, violates federal common law and directly interfer[e]s with the Tribe's inherent authority to maintain a police department and protect public safety on its Reservation.
>
> A declaration that the Tribe's police officers have the authority on its Reservation to stop[;] restrain[;] investigate violations of tribal, state, and federal law[;] detain[;] and transport or deliver a non-Indian violator to the proper authorities [and that by] carrying out these federally authorized actions, the Tribe's duly authorized law enforcement officers are not impersonating a state officer nor is their restraint, investigation and detention of a non-Indian, in compliance with provisions of the Indian Civil Rights Act, an "arrest" for purposes of state criminal charges or false imprisonment.
>
> The Defendants be enjoined from arresting and criminally charging the Tribe's duly authorized police officers, acting in compliance with the Indian Civil Rights Act, for carrying out their duties as clearly delineated under tribal and federal law, or otherwise interfering and threatening tribal officers while executing their duty.

(FAC ¶¶ 44-46 (paragraph numbering omitted).)

The Tribe appears to root its allegations of an actual controversy in concerns about the warning contained in the Cease and Desist Order, which states the Tribe's police officers could be subject to criminal prosecution and/or a civil action if they exercise what Sheriff Lutze characterizes as "unlawful force during the unlawful exercise of authority[;]" however, in its

6

response letter, the Tribe states its "law enforcement officers will not exercise California peace officer authority on or off the [R]eservation." Further, the Tribe "directed [its officers] to ensure that the matters outlined [in the Cease and Desist Order] are addressed." (Kirby Decl. Ex. A.) The Tribe's FAC does not allege "a definite and concrete dispute" regarding what anticipated conduct is involved with the declaratory and injunctive relief it seeks. Oklevueha Native Am. Church of Haw. Inc. v. Holder, 676 F.3d 829, 836 (9th Cir. 2012). "Such unknown . . . claims do not present an immediate or real threat to [the Tribe and its officers] such that declaratory [and/or injunctive] relief is proper, Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000), since "the mere existence of . . . a generalized threat of prosecution [does not] satisf[y] the 'case or controversy' requirement." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc). Further, "[f]or purposes of a preenforcement challenge . . . , the constitutional ripeness inquiry focuses on [inter alia] . . . whether the [Tribe has] articulated a concrete plan [demonstrating that one of its police officers intends] to violate the law in question," and here the Tribe has not articulated a plan to violate any law. Alaska Right of Life Political Action Comm. v. Feldman, 504 F.3d 840, 849 (9th Cir. 2007). The Tribe therefore has not shown the "immediacy and reality" of a "substantial controversy between the parties" that is required to establish a justiciable case or controversy. Md. Case. Co., 312 U.S. at 273.

Since the Tribe has not demonstrated a justiciable case

or controversy in its FAC, this action is DISMISSED for lack of jurisdiction and shall be closed.

Dated: July 10, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge