# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISHOP PAIUTE TRIBE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INYO COUNTY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00367 DAD - JLT<br><br>ORDER AFTER INFORMAL TELEPHONE CONFERENCE RE: MOTION TO AMEND THE CASE SCHEDULE<br>(Doc. 82) |

After the plaintiff filed a motion to amend the case schedule (Doc. 78), the Court conducted an informal telephonic conference. (Doc. 82) In advance of the conference, the Court reviewed the motion which demonstrated only that counsel made a mistake in calculating the deadline by which discovery had to be propounded so that timely response could be made before the expiration of the discovery deadline (Doc. 78). It did not address the fact that the plaintiff has conducted no discovery in this case and affirmatively represented that it would not do so (Doc. 71).

At the conference, plaintiff's counsel stated that the desire to conduct discovery developed while responding to discovery propounded by the defendant. Counsel admitted that the only good cause she could articulate was that set forth in the motion and urged the Court to focus on the lack of prejudice to the defendant.

The Court noted that in addition to the plaintiff's failure to conduct any discovery before now, the plaintiff failed to make its initial disclosures for months after the Court ordered the parties to do so.

1

(Doc. 66 at 2-3 ["The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before June 1, 2018"]; Doc. 70 at 1 ["Defendants have transmitted Rule 26 Initial Disclosures; Plaintiff has not."]; Doc. 71 at 2 ["Plaintiff has not transmitted Rule 26 Initial Disclosures and does not intend to conduct discovery in the case but will be seeking Summary Judgment."] By the time the plaintiff decided it wished to conduct discovery—April 2, 2019—more than 14 months had passed since the Court issued the scheduling order and, of course, the plaintiff made no effort to discover the case during that time.

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, the inquiry should end.

Johnson, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of

matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added. The motion fails completely to demonstrate diligence and consequently fails to demonstrate good cause. Thus, the Court **ORDERS**:

    1.    The motion to amend the case schedule is summarily **DENIED**.

IT IS SO ORDERED.

    Dated:   **April 25, 2019**                          **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE